

**IT IS ORDERED as set forth below:**

Date: March 30, 2022

_____
Paul W. Bonapfel
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 Case |
| | : | |
| BENJAMIN ROWE, JR., | : | Case No. 22-50544-pwb |
| Debtor. | : | |
| | : | |
| BENJAMIN ROWE, JR., | : | |
| Movant. | : | |
| vs. | : | CONTESTED MATTER |
| JP AUTO ENTERPRISE LLC, | : | |
| Respondent. | : | |

**ORDER REQUIRING TURNOVER OF PROPERTY
AND NOTICE OF POTENTIAL SANCTIONS**

Benjamin Rowe, Jr., filed this chapter 13 case on January 20, 2022. Mr. Rowe filed a motion (the "Motion") seeking turnover of license tags to a 2008 Infinity G35 (the "Vehicle") in the possession of JP Auto Enterprise LLC ("JP Auto") and sanctions relating to the postpetition

repossession of the Vehicle. [Doc. No. 10]. The motion came on for a hearing on March 29, 2022.

The Motion alleges that JP Auto received timely notice of the filing of the bankruptcy case but proceeded to repossess the Vehicle on February 22, 2022. The Motion further alleges that, in response to the request of Mr. Rowe's attorney for return of the Vehicle, JP Auto sent a letter that demanded cash payment to satisfy the debt in full within ten days or the vehicle would be auctioned.

The Motion continues with the assertion that, after JP Auto received proof of full coverage insurance, JP Auto contacted Mr. Rowe directly by text, again demanding payment and the payment of a $350 repossession fee before it would release the vehicle to him.

The Motion states that, on March 1, Mr. Rowe was allowed to drive the Vehicle away from JP Auto's facility, but only after JP Auto again demanded the repossession fee and after a law enforcement officer arrived in response to Mr.. Rowe's 911 call.

Although Mr. Rowe now has the vehicle, JP Auto had removed its license tag and has not returned it.

The Motion requests the immediate return of the Vehicle's license tag and sanctions for willful violation of the automatic stay of 11 U.S.C. § 362(a).

No one appeared at the hearing on behalf of JP Auto. Debtor's counsel represented that he had sent a copy of the Motion and of the notice of the hearing to Mr. James Paek by email. Counsel represented that Mr. Paek described himself as the manager and operator of JP Auto.

Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, applicable in a contested matter under Rule 9014(c), permits service of a motion initiating a contested matter on an entity by first class mail addressed to "the attention of an officer, a managing or general agent, or to

2

any other agent authorized by appointment or by law to receive service of process." The certificate of service in this proceeding [Doc. No. 10, at 7] shows service by first class mail on JP Auto at its business address, but it does not show that it was addressed to any person who is an officer or managing, general, or other agent of JP Auto as Rule 7004(b)(3) requires. Service of the motion, therefore, does not comply with Rule 7004(b).

Mr. Rowe is granted leave to serve the motion in compliance with Rule 7004(b), together with notice of a hearing in accordance with the Court's self-calendaring procedures. Mr. Lowe may also amend the Motion to clarify that the motion seeks relief under the provisions of 11 U.S.C. § 362 as well as § 542.

Section 542(a) of the Bankruptcy Code, 11 U.S.C. § 542(a), requires an entity in possession of property of the estate to turn it over to a chapter 13 debtor. Pending proper service of the motion, therefore, it is appropriate that the Court order JP Auto to immediately deliver the license tag for the Vehicle to Mr. Rowe. Despite the insufficiency of service, the Court finds that JP Auto has had sufficient notice of the request for the license tag and that, based on the allegations of the complaint and the absence of any apparent value in the license tag to JP Auto, it is in any event appropriate for the Court to grant immediate *ex parte* relief, even though proper service has not been effected.

The Court notes that, if the allegations of the Motion are true, JP Auto has willfully violated the automatic stay of 11 U.S.C. § 362(a). If so, 11 U.S.C. § 362(k) provides that Mr. Rowe "shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." The allegations state circumstances that, if true, may warrant the imposition of substantial punitive damages. *See Stephens v. Guaranteed Auto,*

*Inc. (In re Stephens),* 495 B.R. 608 (Bankr. N.D. Ga. 2013). The Court will address JP Auto's liability for actual and punitive damages after Mr. Rowe has properly served the motion.[1]

The Court calls JP Auto's attention to the requirement that it must have a lawyer represent it in this proceeding. *E.g., Rowland v. California Men's Colony,* 506 U.S. 194 (1993); *Palazzo Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985); *Stephens v. Guaranteed Auto, Inc. (In re Stephens),* 495 B.R. 608, 612, n. 2 (Bankr. N.D. Ga. 2013). Unless Mr. Paek is a lawyer, he cannot represent JP Auto in this matter.

It is, therefore, hereby **ORDERED** as follows:

1. JP Auto, and all persons acting in active concert or participation with it or on its behalf having actual notice of this Order by personal service, service by first class mail, or otherwise, are hereby **ORDERED** to immediately return to Mr. Rowe the license tag to the Vehicle. Failure to comply with this Order may result in sanctions for contempt of court in addition to sanctions under 11 U.S.C. § 362(k).

2. Mr. Rowe is granted leave to amend the Motion and to serve the Motion, as amended, on JP Auto in accordance with Bankruptcy Rule 7004(b).

## [END OF ORDER]

**This Order has not been prepared for publication and is not intended for publication.**

---

[1] After counsel for Mr. Rowe properly serves the motion (as amended, if he wishes), the Court will conduct an initial, non-evidentiary hearing at the time and place that counsel specifies in accordance with the Court's self-calendaring procedures. At that hearing, the Court will hear the contentions of the parties and provide direction as to further proceedings, including the necessity of any discovery and the scheduling of an evidentiary hearing.

**Distribution List**

JP Auto Enterprise LLC
3558 Buford Highway Suite B100
Duluth, GA  30096

Mr. James Paek
JP Auto Enterprise LLC
3558 Buford Highway Suite B100
Duluth, GA  30096

Willie B. Smith
The Semrad Law Firm, LLC
Sterling Point II
235 Peachtree St. NE
Atlanta, GA  30346